## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff/Respondent*, | ) ) ) |
| v. | ) Case No. CIV-10-288-JHP ) |
| XAVIER LACROIX LOUIE, | ) ) |
| *Defendant/ Movant.* | ) |

## ORDER

Defendant Xavier LaCroix Louie ("Defendant") has filed a *pro se* motion under 28 U.S.C. §2255 seeking an order vacating his sentence. The United States, by and through Assistant United States Attorney Linda A. Epperley, has filed a response in objection. After a full review of the file and pleadings in this case, including Defendant's complaints of ineffective assistance of counsel, the Court finds and concludes that Defendant's motion should be denied. Although Defendant's petition focuses on whether the search in this case violated his Fourth Amendment rights, he is procedurally barred from asserting such a claim in a §2255 motion when he failed to raise the issue on direct appeal. Defendant further claims that his defense counsel failed to file a timely appeal, but there is nothing to indicate that he requested an appeal.

On February 18, 2009, Defendant was indicted in case no. CR-09-21-JHP in the United States District Court for the Eastern District of Oklahoma and charged with one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §922(g)(1). (*Indictment*, Doc. #2)[1]. Defendant entered a plea of guilty on March 25, 2009. (*Minutes of Plea Hearing*,

---

[1] Documents from the criminal case are referred to by title and docket number.

Doc. #22). No written or oral plea agreement exists. On August 6, 2009, Defendant was sentenced to imprisonment in the custody of the Bureau of Prisons for 40 months, followed by 36 months of supervised release. (*Minutes of Sentencing Hearing*, Doc. #33). The Judgment and Commitment was filed on August 11, 2009. (*Judgment and Commitment*, Doc. #34). The next day, August 12, 2009, Defendant's court-appointed counsel filed a sworn affidavit advising that he had discussed the advantages and disadvantages of filing an appeal with his client and that Defendant did not desire an appeal. (*Affidavit*, Doc. #35).

On August 2, 2010, Defendant filed the present Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. §2255 *pro se.* (*Motion to Vacate*, Doc. # 37). Defendant admits that these issues were not raised on direct appeal, but he argues that his counsel failed to file a timely notice of appeal. (*Id.*, at 4). (Defendant did not name the failure to file a timely appeal out as a separate ground for relief, nor did he offer any factual basis to support his conclusory statement). Defendant articulates three grounds of error: (1) "ineffective assistance of counsel - - failure to challenge warrant" (*Defendant's Motion*, at 4, 14-15); (2) "ineffective assistance of counsel - - violated Fourth Amendment faulty search warrant" (*Id.*, at 5, 16-18); and (3) "ineffective assistance of counsel- - counsel failed to question the validity of the warrant scope" (*Id.*, at 7, 19-20). Though written as separate grounds, these claims are in reality a single allegation of a Fourth Amendment search and seizure violation.

At the outset, this Court finds and concludes that Defendant's claims are procedurally barred. Defendants are typically procedurally barred from asserting in a petition for collateral relief, any issues that should have been raised on direct appeal. **United States v. Cook**, 997 F.2d 1312, 1320 (10th Cir. 1993). Defendant cannot overcome the procedural bar "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he

complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* See *United States v. Bolden*, 472 F.3d 750, 751-52 (10th Cir. 2006)(holding procedural default barred ineffective assistance of counsel and other claims defendant wished to preserve for Supreme Court review) and *United States v. Heltzel*, 184 Fed. Appx. 720, 721-722 (10th Cir. 2006) (denial of §2255 upheld on appeal where "failure to raise the issues on direct appeal could not be excused because Ms. Heltzel had 'not stated any facts or presented any evidence to support any of the claims she has raised' . . . and therefore had not shown cause and prejudice or a fundamental miscarriage of justice.").

There is no miscarriage of justice in this instance because Defendant cannot credibly claim that he is "actually innocent of the offense." *See United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993). He admitted possession of the firearm during the plea hearing.

| | |
|---|---|
| The Court: | ...[T]ell me what you did or how did you commit the acts in connection with the charge against you. |
| The Defendant: | I was in possession of a firearm. |

* * *

| | |
|---|---|
| The Court: | And what kind of firearm was it? |
| The Defendant: | It was a model C9 pistol. |
| The Court: | And did you have the ammunition that was also in your possession? |
| The Defendant: | I was in possession, but as far as the gun being loaded or having a clip in it, there wasn't no bullets or anything. |
| The Court: | But you knowingly had that - - |
| The Defendant: | I knew about the gun, but I didn't know about the bullets. |

* * *

| | |
|---|---|
| The Court: | Okay. And have you been previously convicted of a crime |

|  | punishable by a term of imprisonment exceeding one year? |
| --- | --- |
| (Off the Record Discussion Between The Defendant and Mr. Ridenour) | |
| The Defendant: | Yes, yes, I did. |
| The Court: | And what was that charge? |
| The Defendant: | It was possession, possession with intent, CDS. |
| The Court: | Of a drug charge? |
| The Defendant: | Yes, CDS. |
| The Court: | Was the term of imprisonment- - was the crime punishable by a term of imprisonment for a time exceeding one year? |
| The Defendant: | Yes. |

*Transcript of Plea Hearing*, at 15-17.

Defendant had a chance to litigate the search issue prior to trial, and could have challenged the search on appeal, but he forfeited that right by pleading guilty. The Tenth Circuit holds that "Fourth Amendment violations are not reviewable in a §2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." *Cook*, 997 F.2d at 1317.

Predictably, Defendant now argues that he would not have entered a guilty plea if his attorney had advised him to challenge the "invalid" search warrant. (Defendant's Motion, at 17). However, a guilty plea "cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland*, 466 U.S. at 687 (citing *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)(prisoners, who entered guilty pleas on the advice of counsel, were not entitled to a hearing on habeas corpus claims alleging that their confessions were coerced)).

The Northern District of Oklahoma was presented facts and issues almost identical to this case in *United States v. Fennell*, 553 F. Supp. 2d 1303 (N.D. Okla. 2008). Fennell was indicted for possession of methamphetamine and firearms possession violations and Fennell's attorney, filed a motion to suppress evidence seized during Fennell's arrest. However, the suppression issue was never decided because Fennell decided to enter a plea. Fennell was sentenced to 150 months, a far shorter sentence than he could have received under the guidelines had he gone to trial and been convicted (360 months to life). Fennell did not appeal the judgment in his case. He then filed a §2255 petition alleging that his attorney failed to adequately advise him of the protections of the Fourth Amendment, that had she done so, he would have pursued the motion to suppress rather than pleading guilty, and that she had coerced him into pleading.

Judge Cook's order denying relief focused on the importance of the finality of criminal cases and the significance of the colloquy conducted in plea hearings:

> [T]he Court is reluctant to reopen the case through a §2255 petition to review the validity of motions filed and waived during the preliminary stages of a case and after the guilty plea and sentencing have been completed. To do so, would render meaningless and useless all the sworn statements made by the defendant to the Court during the plea hearing.

*Id.*, at 1305. Additionally, Judge Cook compared his observations of defense counsel and the statements in her Affidavit with the Fennel's conclusory allegations about her failures. The federal public defendant's affidavit stated that she had discussed the strengths and weaknesses of the motion to suppress as well as the likelihood of success at trial and the risk of conviction.

Defendant, like Fennell, pled guilty and in doing so, waived his right to assert challenges to the search and seizure underlying his conviction. During the plea hearing, Defendant not only provided the factual basis for his conviction, but also confirmed his understanding of the charge against him and the maximum potential sentences for the same. (*Transcript of Plea Hearing*, at

5-6). Further, Defendant was informed of and agreed to the sentencing range he was likely to receive under the sentencing guidelines. (*Transcript of Plea Hearing*, at 7-8, 10) 10. Finally, he stated that he was pleased with the services provided by his court-appointed counsel and said that "he has done a very good job." (*Transcript of Plea Hearing*, at 13.)

As the Tenth Circuit recognizes, a defendant who is "simply expressing his subsequent misgivings about his guilty plea" does not claim error which rises to the level of a miscarriage of justice. ***United States v. Ferguson***, 360 Fed. Appx. 969, 974 (10th Cir. 2010(enforcing appellate waiver against defendant who appealed the denial of his motion to withdraw guilty plea). Because Defendant did not raise his Fourth Amendment arguments on direct appeal, he is procedurally barred from presenting those waived claims in this §2255 action.

Therefore, Defendant's only hope lies in convincing this Court that his attorney's performance constituted of ineffective assistance of counsel under the standard set forth by the Supreme Court in ***Strickland v. Washington***:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversarial process that renders the result unreliable.

466 U.S. 668, 687-688 (1984).

This evaluation is a fact intensive inquiry, requiring this Court to determine "whether counsel's assistance was reasonable considering *all the circumstances*." ***Id.***, at 688 (emphasis added). As the Supreme Court explained in ***Strickland***, "representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." ***Id.***, at

693. Further, a court must give great deference to defense counsel's reasoned choice of action. . .

*Id.*, at 689.

Defendant, for the first time in this §2255 petition, takes issue with counsel's decision not to challenge the warrant or move for suppression of the evidence obtained as a result of the search. However, as long as Defendant's attorney conducted a reasonable investigation into the Fourth Amendment claims, the decision not to seek suppression is a matter of strategy and entitled to a presumption of reasonableness. *Id.*, at 691.

This Court doubts Defendant's claim that his court appointed counsel "failed to file [a] timely notice of appeal" after being instructed to do so. Defendant has presented absolutely nothing to establish that he even requested an appeal. See supra *United States v. Fennell*, 553 F.Supp.2d 1303, 1307 (10th Cir. 2008)(reaching same conclusion on defendant's claim in a §2255 petition that he justifiably relied on his attorney's claim that he would receive a life sentence were he to proceed to trial when the evidence did not support that claim). This is especially true here, where defense counsel filed an affidavit with the Court within days of sentencing stating that he "met with [the] client, Xavier LaCroix Louie to advise him of the advantages and disadvantages of appealing his conviction and sentence.

Defendant obviously did not desire an appeal since he has produced nothing that would contest his counsel's affidavit. Nor is Defendant entitled to a hearing on this motion. This Court is not required to hold an evidentiary hearing where only conclusory allegations are submitted regarding claims of ineffective assistance. **Anderson v. United States**, 367 F.2d 553, 554 (10th Cir. 1966), cert. denied, 386 U.S. 976, 1025 (1967).

Finally, Defendant cannot meet the heavy burden for proving that his counsel's claimed

errors actually had an adverse effect on his defense.  Defendant must show more than "that the errors had some conceivable effect on the outcome of the proceedings [as] [v]irtually every act or omission would meet that test." *Strickland*, 466 U.S. at 693.  The reason for such a heightened burden of proof is that "the presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment." *Id.*, at 697.

Defendant simply cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 694.   Even if defense counsel had pursued a motion to suppress, Defendant might have ultimately decided to plead guilty were that motion to be denied.  Furthermore, Defendant would have faced a sentencing range up to 10  years if he had maintained his innocence and been convicted at trial.   The 40 month sentence Defendant received as a result of his plea is less than the probable range following trial and conviction, so he cannot prove an adverse effect.

Accordingly,  Defendant's motion for relief is denied.


**IT IS SO ORDERED this 25th day of February, 2011.**


James H. Payne
United States District Judge
Eastern District of Oklahoma